UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ALLEN FOX,

    Plaintiff,

vs.

CROSS COUNTY ASSOCIATES
LIMITED PARTNERSHIP,

    Defendant.
_____/

04-80366

CIV-COHN

MAGISTRATE JUDGE
SNOW

## COMPLAINT

Plaintiff, **ALLEN FOX,** by and through undersigned counsel, hereby sues the Defendant, CROSS COUNTY ASSOCIATES LIMITED PARTNERSHIP, a Florida limited partnership, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181, et seq., ("Americans with Disabilities Act" or "ADA").

## JURISDICTION

1.    The Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331 and 1343 for Plaintiffs' claims arising under 42 U.S.C. § 12181 et seq., based on Defendant's violations of Title III of the Americans with Disabilities Act. Plaintiff's claims are authorized by 28 U.S.C. § 2201 and 2202.

## PARTIES

2.    The Plaintiff, **ALLEN FOX,** suffers from the effects of infantile paralysis (childhood polio) and is disabled as defined by the Americans with Disabilities Act. Mr. Fox has limited use of his legs and is able to stand and move short distances with the use of leg braces and crutches. He must, however, use a wheelchair for activities that require standing or walking for any substantial period, including shopping, doctor visits and other major life

activities. Mr. Fox is a resident of West Palm Beach, Palm Beach County, Florida, is *sui juris*. Mr. Fox has suffered direct injury as a result of the Defendant's actions or inaction described herein. Mr. Fox visited Defendant's premises and was personally limited by the barriers present at Defendant's premises. Such barriers constitute discrimination prohibited by the ADA. Mr. Fox will visit the premises in the imminent future to avail himself of the goods and services offered to the public at the property but fears continued discrimination as a result of the ADA violations therein.

3. The Defendant, CROSS COUNTY ASSOCIATES LIMITED PARTNERSHIP, a Florida limited partnership, is authorized and engaged in the transaction of business in Florida. Upon information and belief, Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, more commonly referred to as "CHILIS," located at 4252 Okeechobee Boulevard, West Palm Beach, Florida 33409, and jointly referred to herein as the "Buildings" or "Premises."

## INTRODUCTION

4. On July 26, 1990, Congress enacted the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et. seq., establishing the most important civil rights law for persons with disabilities in our country's history.

5. The Congressional statutory findings include:

(a) some 49,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(b) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(c) discrimination against individuals with disabilities persists in such critical areas as employment, housing, **public accommodations**, education,

transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

 (d) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; and,

 (e) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non productivity.

42 U.S.C. § 12101(a)(1)-(3), (5) and (9).

 6. Congress explicitly stated that the purpose of the ADA was to:

 (a) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

 (b) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

 (c) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1),(2) and (4).

 7. Congress provided commercial businesses one and a half years from the effective date, to implement the requirements imposed by the ADA. The effective date of Title III of the ADA, was January 26, 1992. 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

 8. The subject premises, which is owned, leased and/or operated by the Defendant and which is the subject of this action, is a commercial facility which offers goods and/or services to the public. The facility must be, but is unable to be, accessed by individuals with disabilities, including the Plaintiff.

9.  Pursuant to 42 U.S.C. § 12181(7), 28 C.F.R. § 36.104, the premises which are the subject of this action are public accommodations covered by the ADA and must be in compliance therewith.

10. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 et seq., and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

11. The Defendant has discriminated against the Plaintiff by failing to make reasonable accommodations in policies, practices or procedures which are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities. 42 U.S.C. 12182(b)(2)(A)(ii).

12. Pursuant to the mandates of U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

13. The Defendant is in violation of 42 U.S.C. § 12181 et seq., and 28 C.F.R. 36.302 et seq., and is discriminating against the Plaintiffs, by failing to, inter alia,

(a) install ramps with appropriate slope, handrails, landing areas and signage, and make curb cuts in sidewalks, entrances and/or otherwise provide an accessible, properly designated and unobstructed route to and throughout the premises and to the primary functions thereof;

(b) install the proper number of appropriately equipped accessible telephones and telecommunication devices, reposition telephones to appropriate levels, and/or provide requisite signage;

(c) provide the requisite number of, properly located, properly configured and/or properly designated accessible parking and/or drop-off/loading zones with requisite signage;

   (d) widen doors and doorways, provide requisite offset areas for opening doors, provide proper hardware on doors, provide appropriate opening resistance on doors and/or provide appropriate closing delay on doors to allow required access and an accessible route throughout the premises and its facilities;

   (e) provide requisite signage for all accessible routes throughout the premises and its facilities;

   (f) provide requisite signage and accessible restrooms.

by 26 January 1992, or 26 January 1993 if the Defendant has 10 or fewer employees and gross receipts of $500,000 or less.

  14. A preliminary list of the Defendant's specific ADA violations observed, which fail to comply with the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"), are as follows:

**Parking**

   a. The disabled use spaces do not have clear and level access aisles provided, violating Section 4.1.2 and 4.6.3 of the ADAAG.

   b. There is no accessible route from the parking areas to the facility, in violation of Sections 4.3.2, 4.6.2 and 4.6.3 of the ADAAG.

   c. There are not proper signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG.

   d. There are no proper handrails provided for the ramps from the parking areas to the facility, in violation of Section 4.8.5 of the ADAAG.

   e. The accessible parking spaces are improperly dispersed and marked as per U.S. Dep't of Transp., Manual on Uniform Traffic Control Devices, Pt. 3, § 3A.05 (2000) (striped in white and prominently outlined in blue), and in violation of Section 4.6.2 of the ADAAG.

**Entrance Access and Path of Travel**

  f. There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG.

  g. There are ramps at the facility that do not have level landings and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.8.2, 4.8.4 and 4.8.6 of the ADAAG.

  h. There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6 and 4.7.9 of the ADAAG.

**Access to Goods and Services**

  i. There are permanently designated interior spaces without proper signage in violation of Section 4.30.6 of the ADAAG.

  j. Several public telephones throughout the facility do not provide the prescribed volume control device and/or clear floor space for disabled patrons, in violation of Section 4.31.1 and 4.31.2 of the ADAAG

  k. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

  l. There are restrooms for public use at the facility without the required disabled use elements, in violation of several sections of the ADAAG.

  m. There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

**Restrooms**

        n.    The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG.

        o.    There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG.

        p.    The water closets that are provided for the public use at the facility violate the provisions of Section 4.16 of the ADAAG.

15.    The Plaintiff has been and continues to be denied access to, and has been and continues to be denied the benefits of the services of the premises and its facilities, and has otherwise been and continues to be discriminated against and damaged by Defendant, because of Defendant's ADA violations set forth above. The Plaintiff will continue to be discriminated against unless and until he is granted the relief provided by the ADA as requested herein.

16.    The barriers to access at the property have effectively denied or diminished the Plaintiff's ability to visit the property and have endangered his safety. Barriers to access involving path of travel and parking at this property have posed a risk of injury to the Plaintiff. Other barriers to access as described in this Complaint cause similar risk of injury, embarrassment or discomfort to the Plaintiff.

17.    The Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to these property as described but not necessarily limited to the allegations in paragraph 13 of this Complaint.

18.    Any and all requisite notice, if any, has been provided to Defendant. Furthermore, such notice is not required as a result of Defendant's failure to cure the violations by 26 January 1992 (or 26 January 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000

or less), or because the subject premises was built subsequent to the effective date of the ADA, and was not built in compliance to it.

19.  Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. § 12205.

20.  Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant the Plaintiff injunctive relief including an order to modify the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

**WHEREFORE**, the Plaintiff requests the Court to issue a permanent injunction enjoining the Defendant from further discriminatory practices, ordering the Defendant to alter the subject premises as appropriate to comply with the ADA, closing the subject premises until the requisite modifications are completed, and awarding Plaintiff his attorneys' fees, costs and expenses incurred in this action.

Respectfully submitted,

AURILIO & ASSOCIATES, P.A.
Attorneys for Plaintiff
The Summit Building, Suite 320
840 U.S. Highway One
North Palm Beach, Florida 33408
Telephone: 561-627-5300
Facsimile: 561-625-5629
Email: saurilio@auriliolaw.com

By: _____
SAMUEL C. AURILIO
Florida Bar No. 0840874

JS-44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

ALLEN FOX

**DEFENDANTS**

CROSS COUNTY ASSOCIATES LIMITED PARTNERSHIP

(b) County of Residence of First Listed Plaintiff: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number):
Aurilio & Associates, P.A., 840 U.S. Highway One, Ste. 320
North Palm Beach, FL 33408, (561) 627-5300

Attorneys (If Known): 04-80366

04CV80366 Cohn/LSS

CIV-COHN
MAGISTRATE SNOW

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (Place an "X" in One Box for Plaintiff and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☒ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

*AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12181*

**VII. REQUESTED IN COMPLAINT:**
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 4/17/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 720297   AMOUNT $150   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| *ALLEN FOX* | **CROSS COUNTY ASSOCIATES LIMITED PARTNERSHIP** |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Palm Beach (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Palm Beach (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Aurilio & Associates, P.A, 840 U.S. Highway One, Ste. 320 *North Palm Beach, FL 33408, (561) 627-5300* | ATTORNEYS (IF KNOWN) |

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, **PALM BEACH**, MARTIN, ST LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability / ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | B☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | ☐ 385 Property Damage Product Liability | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights / B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

*AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12181*

LENGTH OF TRIAL
via 1 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P 23   **DEMAND $**   CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 4/16/04   SIGNATURE OF ATTORNEY OF RECORD *Cynthia K Mitchell*

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____